YALLOP-DE GROOT COMPANY *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY and another.

June 23, 1885.

Sale of Goods—Delivery—Title.—The title of a vendee of goods to whom the property sold had been delivered, sustained as against a subsequent vendee of the same goods.

Replevin—Judgment for Defendant—Damages.—Property having been taken by the plaintiff in replevin, and the defendant having been found to be the owner and entitled to possession, the plaintiff was not entitled to a mitigation of the recovery against him (of the value of the property) by reason of the fact that he had delivered a part of the property to a receiver of the defendant's vendor, (appointed under the insolvent law of

1881, and subsequent to the sale of the defendant,) the fact not being established that, as between the receiver and the defendant, the receiver was entitled to the property.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons,* J., presiding, refusing a new trial.

*E. S. Chittenden,* for appellant.

*Jackson & Pond,* for respondents.

DICKINSON, J.    The action is for the recovery of a quantity of merchandise in the possession of the railway company as a common carrier, and being transported from Minneapolis to St. Louis, consigned to the defendant Hayes.    We shall have occasion to consider only the rights of the plaintiff and of the defendant Hayes to the goods. From the findings of the court, which are sustained by the evidence, the following facts appear:  Both parties claim title to the property by sale from one Moork.    Moork was indebted to both the plaintiff and the defendant.    In payment of his debt to the defendant, Moork sold and delivered to him, at Minneapolis, the goods in controversy, which are of the value of $800.    The defendant, receiving the property in satisfaction of his debt, delivered it to the railway company defendant, to be transported to St. Louis.    Two days afterwards, Moork, in payment of his debt to the plaintiff, executed to him a bill of sale of the same goods, whereupon this action was commenced and the goods taken by the sheriff from the railway company by virtue of the replevin order herein, and delivered to the plaintiff.    On the following day proceedings were instituted against Moork under the insolvent law of this state, resulting in the appointment of a receiver. Upon the demand of the receiver the plaintiff delivered to him all of the property, excepting a quantity of the value of $400, which he still retains.    The court determined that the defendant was the owner of the property, and directed judgment in the usual form for its return to him, or for the recovery of its value in case a return could not be had.

We find no error in the case.    The sale and delivery to the defendant were effectual, as between the parties, to transfer the property. Moork could not dispute the title thus conveyed, nor could the plaintiff, as a subsequent vendee, and merely by virtue of the convey-

ance to him, do so. *Tolbert* v. *Horton,* 31 Minn. 518, 520. We cannot declare it to have been error not to have allowed, in mitigation of the recovery, the fact that the plaintiff delivered a part of the goods to the receiver. This claim of the appellant cannot be sustained except upon the assumption that the sale to the defendant was invalid under the insolvent law, and that the receiver was entitled to the property as against the defendant. This fact, upon which the asserted right of mitigation necessarily rests, has not been determined in favor of the appellant, although there is evidence in the case which tends to prove facts which, if established, would show that the title of the defendant was, as to the receiver, void. The court not having found the facts to be so, we cannot make such a determination, and the principle relied upon is inapplicable.

Order affirmed.