F. J. STEVENS and another *vs.* E. E. McMILLIN.

December 12, 1887.

| 37 | 509 |
| 39 | 104 |
| 37 | 509 |
| 51 | 465 |
| 37 | 509 |
| 52 | 291 |
| 37 | 509 |
| 64 | 259 |
| 37 | 509 |
| 71 | 143 |

**Pleading—Sham Answer.**—In an action by a mortgagee of personal property to recover the same, an answer denying the plaintiff's alleged right, and setting up title in the defendant, *held* properly stricken out as sham; it appearing by the defendant's own showing that such defence was based upon the facts that the mortgage was made to avoid the claims of creditors of the mortgagor, and that the defendant thereafter purchased the property from the mortgagor with notice of the facts.

**Same—General Denial.**—An answer containing a general denial may be stricken out as sham.

**Replevin — Waiver of Finding as to Value.**—In an action in the nature of replevin, the plaintiff may waive the right to have included in the judgment for the recovery of the property the usual alternative provision for the recovery of its value.

**Appeal—Review of Taxation of Costs.**—Alleged errors in the clerk's taxation of costs will not be reviewed here, where no relief has been sought in the court below.

Plaintiff brought this action in the district court for Wilkin County, to recover possession of certain personal property, alleging its value to be the sum of $600. After the service of the answer, the plaintiff obtained from the court commissioner an order to show cause why certain portions of the answer should not be stricken out as sham, and why the plaintiffs, waiving their claim for damages, should not have judgment "decreeing them to be the owners of the property and directing a delivery thereof." Upon the hearing an order was made by *C. L. Brown*, J., striking out the answer as irrelevant, and directing judgment for the plaintiffs as recited in the order to show cause. In accordance with this order judgment was entered in favor of the plaintiffs. Defendant appeals from both the order and the judgment.

*Hartshorn & Coppernoll*, for appellant, cited *Thompson* v. *Erie Ry. Co.*, 45 N. Y. 468; *Wayland* v. *Tysen*, Id. 281; *Farmers' Nat. Bank* v. *Leland*, 50 N. Y. 673; *Wooden Ware Co.* v. *Jensen*, 27 N. W. Rep. 206; *Fay* v. *Cobb*, 51 Cal. 313; *Newman* v. *Supervisors*, 45 N. Y. 676, 691.

*Lyman B. Everdell*, for respondents.

DICKINSON, J. This action is for the recovery of personal property, the complaint alleging generally the plaintiffs' ownership and right of possession. This is denied by the answer, the defendant further alleging title in herself. Upon these pleadings, and upon affidavits presented upon a motion to strike out the answer as sham, the same was stricken out as irrelevant, and judgment was ordered for the plaintiffs. From the affidavits presented on the part of the plaintiffs in support of the motion, it appeared that their asserted rights in the property were based upon a chattel mortgage executed to them by the former owners of it, as security for money loaned. By the opposing affidavits on the part of the defendant it was averred that she purchased the property from the mortgagors subsequent to the mortgage, and with actual notice thereof; but that she was informed by the person from whom she purchased, one of the mortgagors, that the mortgage was given without consideration, and for the purpose of protecting the property from the claims of creditors of the mortgagors, and that it would not be enforced contrary to their wishes; that she purchased believing such representations; and that she expected

upon the trial to establish the truth of these representations as to the fraudulent character of the mortgage. The real nature of the defence was thus disclosed by the defendant, in resisting this motion; and, for the purposes of the motion, it may be considered that the facts upon which the defendant based her denial in the answer of the plaintiffs' asserted title and right of possession, and upon which her own claim of title rests, were such as are here disclosed.

The facts thus alleged would not, if established, avail the defendant to avoid the effect of the mortgage, the execution of which is in effect admitted. The mortgagors could not have defeated the title of their mortgagees by proof that the mortgage had been given for the fraudulent purpose here disclosed, nor can this defendant, as purchaser from the mortgagors with notice of the mortgage, do so. *Tolbert* v. *Horton*, 31 Minn. 518, (18 N. W. Rep. 647;) *Yallop De Groot Co.* v. *Minn. & St. Louis Ry. Co.*, 33 Minn. 482, (24 N. W. Rep. 185.)

Such being the admitted facts of the case, the legal conclusion follows that the plaintiffs were entitled to the property under their mortgage, and the answer of the defendant, denying the plaintiffs' asserted right, was not true. Its falsity is apparent and unquestionable upon the admitted facts, and, in view of these admitted facts, there was really no issue of fact between the parties to be tried, excepting as to the value of the property. The insufficiency of the facts relied upon as a defence having been determined by the decisions above cited, the defence was in this particular sham. The plaintiffs, having waived, as they might do, (*Morrison* v. *Austin*, 14 Wis. 601,) any right to recover the value of the property, were entitled to have the answer stricken out as sham, and to have judgment for the possession of the property. Although the court in its order designated the answer as irrelevant, instead of sham, yet this should not affect the result. At most, this erroneous designation only indicated an untenable reason for a conclusion which was right as a matter of law.

It has been repeatedly considered in this court that a verified answer, upon its face constituting a defence, may be stricken out as sham. There is no reason, in our judgment, notwithstanding some decisions to the contrary, for excepting from this course of procedure answers consisting of or including a general denial. Such an answer

was held properly stricken out in *C. N. Nelson Lumber Co.* v. *Richardson*, 31 Minn. 267, (17 N. W. Rep. 388.)

The point that no notice was given of the taxation of costs will not avail the appellant here, no remedy having been sought in the court below. *Jensen* v. *Crevier*, 33 Minn. 372, (23 N. W. Rep. 541,) and cases cited; *Fay* v. *Davidson*, 13 Minn. 275, (298.)

Order and judgment affirmed.