MATILDA LUNDBERG *vs.* SINGLE MEN'S ENDOWMENT ASSOCIATION.

October 26, 1889.

**Irregularities in Entry of Judgment, how Corrected.**—Irregularities of the clerk below in entering judgment, as where he enters judgment while there is a stay of proceedings, or where he inserts in it a provision not authorized by the direction or order for judgment, must be passed on by the court below before this court will consider them.

Plaintiff brought this action in the district court for Hennepin county, under Gen. St. 1878, *c.* 76, against the defendant, which, it is alleged "is and for more than three years last past has been a *de facto* domestic corporation, claiming to be duly incorporated under the laws of this state, and acting and contracting as such corporation under the name" by which it is impleaded. The complaint alleges the recovery of a judgment for $1,177 by plaintiff against defendant on October 1, 1887, and execution returned unsatisfied on December 29, 1887, and that the judgment is wholly unpaid, and the defendant is insolvent. The relief demanded is the appointment of a receiver, the taking of an account of the company's assets and liabilities, the ascertaining and enforcement of the liabilities of its officers, etc., in accordance with the statute. The action was tried by *Hicks,* J., who on November 9, 1888, filed his decision and order for judgment in favor of plaintiff, that a receiver be appointed, etc., but not naming any person as receiver. On November 26, 1888, the defendant appealed to this court "from 'the order and interlocutory judgment of this court in this action, entered on the 9th day of November, appointing Charles H. Chadbourne, Esq., receiver," etc., and a *supersedeas* bond was approved and filed. On January 2, 1889, judgment was entered by the clerk in accordance with the decision and order

of November 9, 1888, but naming Charles H. Chadbourne as receiver. On April 1, 1889, the defendant appealed from this judgment. On April 16, 1889, on the first appeal, judgment of affirmance was entered in this court for failure of the appellant to serve a paper book.

*M. B. Koon* and *M. A. Spooner*, for appellant.

*Chas. C. Willson*, for respondent.

GILFILLAN, C. J. The appellant claims there should be a reversal for two reasons: *First*, because a prior appeal with a stay-bond stayed proceedings in the action at the time the judgment in this appeal was entered; *second*, because the findings of the court and direction for judgment did not authorize the clerk to enter judgment naming a receiver, no receiver being named in the findings or direction for judgment. Assuming the facts to be as assumed by the appellant, there is no matter of error such as this court reviews in those points. If the clerk entered judgment when proceedings were stayed, or if, in entering judgment, he inserted a provision not justified by the direction for judgment, it would be mere clerical irregularity, the remedy for which, in the first instance, should be by application to the court below. We try any alleged error by the record certified to us. The court below, upon an allegation of irregularity of its clerk, may take evidence of facts not of record, and, in order to effect justice, disregarding mere technicalities, it may order matter of record to be supplied *nunc pro tunc.* As for instance, in this case, if the direction for judgment did not mention the name of the receiver, the court below might cure the irregularity by filing a direction naming the receiver *nunc pro tunc.* It is for considerations of this character that, before this court will consider alleged clercial irregularities, the decision of the court below must first be got upon them.

There exists another reason why this judgment should be affirmed. The paper in the form of a judgment, signed by the judge, and filed November 9, 1888, was either a judgment or a direction for judgment. If the former, it was affirmed in the former appeal; and as in all matters of substance as also in its terms it is identical with that entered by the clerk, January 2, 1889; that affirmance covers all there is in this case. If it was the latter, then it was not appealable, and the stay-bond was of no effect to stay proceedings, and it

was also authority to the clerk to enter the judgment which he entered January 2d, and from which this appeal is taken. That the clerk, instead of copying that paper, and attaching the copy to the judgment-roll as a copy of the judgment, attached the original paper as such copy, if an irregularity at all, was such a one as could not affect substantial rights, and would be disregarded.

Judgment affirmed.