THOMAS SCOTT *vs.* MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE
RAILWAY COMPANY.

December 12, 1889.

**Irregular Entry of Judgment, How Corrected.**—Where a judgment is
entered by the clerk, without any order of the court, the question whether
it is authorized by the verdict will not be considered on appeal, unless
application has been first made to the court in which it was entered to
correct or vacate the judgment.

Action of ejectment, for damages for withholding possession, and
for value of use and occupation, brought in the district court for Kan-
diyohi county.   Defendant in its answer admitted that it had entered
on the strip of land in question, and had built its railway thereon,
and had made plaintiff no compensation; but alleged that its entry
was with plaintiff's consent, and that "it is ready and willing to pay
such compensation on having the same assessed and ascertained by
the jury that shall be impanelled to try the above-entitled action:
*provided, however,* that the plaintiff, upon the trial, shall establish his
right to recover the land in question."   The answer denied knowledge
or information as to plaintiff's ownership, and put in issue the value
and damages alleged in the complaint.

The verdict of the jury was for plaintiff, as follows:

"We the jury have found a verdict for the plaintiff for the following
amounts:

| | |
|---|---:|
| "For use of land | $ 50 |
| For land taken by railroad | 70 |
| For damages | 500 |
| | 620" |

The bill of costs, as noticed for taxation, included this item: "At-
torney's fees allowed by order of the court $75."   The clerk taxed
the costs and entered judgment "that plaintiff have and recover from
the defendant the land described in the complaint, or, in lieu there-
of, the compensation fixed by the jury, to wit, the sum of six hun-

dred and twenty dollars, with two and 77-100 dollars interest thereon, and the costs and disbursements of this action, which are taxed and allowed at the sum of $51.55, and the further sum of seventy-five dollars, reasonable attorney's fees, fixed by order of the court—amounting in all to the sum of $749.32." The appeal is from this judgment.

*J. D. Springer* and *Reynolds & Stewart,* for appellant.

*Knappen & Wright,* for respondent.

MITCHELL, J. The error assigned is, in substance, that the judgment appealed from is unauthorized by the verdict; that in fact the verdict is insufficient to authorize any judgment. The judgment was entered on the verdict by the clerk, on motion of plaintiff's attorneys without any order or direction of the court. No motion for a new trial, nor any application to have the judgment corrected or vacated, was ever made to the court below. From *Eaton* v. *Caldwell,* 3 Minn. 80, (134,) down to *Oldenberg* v. *Devine,* 40 Minn. 409, (42 N. W. Rep. 88,) and *Lundberg* v. *Single Men's Endowment Ass'n,* 41 Minn. 508, (43 N. W. Rep. 394,) we have invariably held that, where a party enters a judgment not warranted by the verdict, the proper remedy is by application to the court in which it is entered to correct or vacate the judgment, and that, unless the authority of that court has been thus invoked, we will not consider the question on appeal from the judgment. Therefore the question whether this judgment is authorized by the verdict cannot be considered on this appeal. The defendant must first apply to the district court for relief.

The point as to the $75 attorney's fees included in the judgment seems to be disposed of by the amended return, which shows that it was allowed by order of the court pursuant to Gen. St. 1878, c. 34, § 36, and there is nothing in the record to show that it was made *ex parte.*

Judgment affirmed.