LEONARD W. FRENCH *vs.* JACOB GINSBURG *et al.*

Submitted on briefs May 1, 1894.   Affirmed May 14, 1894.

No. 8613.

**Judgment in replevin, form of.**

   In an action of replevin, where the property has been delivered to the plaintiff before trial under proceedings in the action, and on the trial the jury find for the defendant, and find the value of the property, *held*, that the defendant is not entitled to elect to take judgment for the value only, and not, in the alternative, for the return of the property or for the value in case a return cannot be had.

Appeal by Jacob Ginsburg, one of the defendants, from a judgment of the District Court of Ramsey County, *John W. Willis*, J., entered November 10, 1893.

The plaintiff, Leonard W. French, was on January 31, 1893, appointed receiver of the property of Samuel Rosenbaum, under Laws 1881, ch. 148, § 2, as amended by Laws 1889, ch. 30.   He as such brought this action March 6, 1893, against defendants, Jacob Ginsburg and Samuel Rosenbaum, to recover possession of a stock of ready made clothing and men's shoes, or the value thereof in case possession could not be obtained, together with damages for the detention.   The sheriff took the property and delivered it to the plaintiff who retained it pending the litigation.   Ginsburg alone answered and on the trial May 29, 1893, the jury found for him and assessed the value of the goods at $350 and his damages for the taking and detention at $75.

Ginsburg then moved the court for an order that judgment be entered in his favor for the value of the goods as assessed by the jury and the damages and that it be not entered in the alternative, for a return of the property, or if such return could not be had then for the value. The court denied the motion and judgment was entered in the alternative allowing plaintiff to return the goods. Ginsburg appeals claiming the plaintiff should not have the privilege of returning the property.

*C. D. & Thos. D. O'Brien*, for appellant.

In actions in claim and delivery where a verdict is rendered in favor of a defendant and he, such defendant, does not demand a return of the property he has the right to elect whether to take a judgment in the alternative form or a money judgment for the value of the property as found by the jury. This is the rule which obtains in this state, in Wisconsin, Illinois, Arkansaw, Michigan and Tennessee; and is the general rule applicable to cases of this kind. Wells Replevin, § 774; *Stevens* v. *McMillin*, 37 Minn. 509; *Thompson* v. *Scheid*, 39 Minn. 102; *Pratt* v. *Donovan*, 10 Wis. 378; *Morrison* v. *Austin*, 14 Wis. 601; *Farmers' L. & T. Co.* v. *Commercial Bank*, 15 Wis. 424; *Smith* v. *Coolbaugh*, 19 Wis. 106; *Johnson* v. *Dick*, 69 Mich. 106.

*Munn, Boyesen & Thygeson*, for respondent.

The Wisconsin cases do not apply. They are based upon the Wisconsin statute which is very different from that of this state. Here the defendant must take back the property if it can be obtained. *Sherman* v. *Clarke*, 24 Minn. 37; *Berthold* v. *Fox*, 21 Minn. 51; *Kates* v. *Thomas*, 14 Minn. 460; *Dwight* v. *Enos*, 9 N. Y. 470; *Glann* v. *Younglove*, 27 Barb. 480; *Fitzhugh* v. *Wiman*, 9 N. Y. 558; *Wood* v. *Orser*, 25 N. Y. 348; *Seaman* v. *Luce*, 23 Barb. 240; *Hall* v. *Jenness*, 6 Kans. 356.

CANTY, J. The plaintiff brought an action of replevin, and took possession of the property under the provisional remedy. The defendant Ginsburg alone answered, denying plaintiff's ownership and right to possession, alleging ownership in himself, and alleg-

ing that plaintiff wrongfully took the property from him, and demanded judgment for damage for such taking, and for the value of the property.

On the trial, defendant had a verdict, the value of the property was found to be $350, interest $5.71, and damages $75. Thereupon defendant made before the court a motion for judgment, in which he stated that he elected to take a money judgment only, and not an alternative judgment for the return of the property or for the value thereof, found by the jury, in case a return cannot be had. The court below denied his motion, ordered judgment in the alternative form, and from the judgment so entered defendant appeals.

We are of the opinion that defendant's motion was rightfully denied, and that the judgment should be in the alternative. In *Sherman* v. *Clark*, 24 Minn. 43, where the referee found as a fact that the defendant had disposed of the property, and a recovery of it could not be had, and for that reason ordered a judgment for plaintiff for the value only, this court held that a judgment should have been ordered in the alternative, although the plaintiff appeared to be satisfied with the order as it stood.

Our statute puts the plaintiff and defendant on an equal footing in this respect, and provides for an alternative judgment for the one as well as the other, and there is no provision, as there are in the statutes of some states, allowing the party entitled to judgment to elect whether or not he will take it in the alternative. Neither is the taking of the property under the proceedings in the action at the commencement of the suit such a taking as amounts to a conversion.

Judgment affirmed.

(Opinion published 59 N. W. 189.)