Order reversed, and new trial granted.

NEW ENGLAND FURNITURE & CARPET COMPANY v. SARAH L. BRYANT and Others.[1]

April 27, 1896.

Nos. 9745—(25).

Replevin—Bond—Liability of Sureties.

In an action of claim and delivery, the defendant, with sureties, executed a bond, as provided by G. S. 1894, § 5278, and obtained a return of the property. The plaintiff obtained a verdict and judgment against the defendant merely for the value of the property. In an action upon the bond, the only breach of its conditions alleged being the nonpayment of this judgment, *held*, that the sureties were not liable.

Same—Judgment.

In order to render the sureties liable on such a bond, the judgment must be one authorized by G. S. 1894, § 5420, and which can be satisfied by a return of the property.

[1] Reported in 66 N. W. 974.

**Replevin—Absolute Judgment.**

> Whether, in an action of claim and delivery, it may be proven that the property has been destroyed or lost, and cannot be returned, and in such case an absolute judgment rendered for its value, quære.

**Same—Action against Sureties—Burden of Proof.**

> But, assuming that this may be done, the burden would be on the plaintiff, in an action on the bond against the sureties, to allege and prove these exceptional facts, which authorized the rendition of a judgment not in the statutory form.

Appeal by plaintiff from a judgment of the district court for St. Louis county, in favor of defendants Stevens and Routh, entered in pursuance of the order of Moer, J.    Affirmed.

*Alford & Hunt* and *Merrick & Merrick*, for appellant.

*Phelps, Towne & Harris* and *Stanford & Arbury*, for respondents.

MITCHELL, J.    The complaint alleges that the plaintiff, having commenced an action of replevin against defendant Bryant, and the sheriff, upon the proper requisition, having taken the property, thereafter the sheriff redelivered it to Bryant upon the execution, by himself as principal, and the defendants Stevens and Routh as sureties, of a bond, conditioned, as provided by G. S. 1894, § 5278, that "if said property shall be delivered to said plaintiff, if a delivery is adjudged, and if said plaintiff shall be paid such sum as for any cause may be recovered against the defendant [Bryant] then this obligation shall be void,—otherwise, to remain in full force"; that thereafter, in that action, the plaintiff obtained a verdict and judgment against Bryant for $134.50.    The nonpayment of this judgment is the only breach of the bond alleged.    It is stipulated that "* * * the verdict and judgment referred to was a money verdict and judgment only, and that they were not, or either of them, in the alternative."

We take it for granted, in accordance with what seems to be conceded or assumed by both sides, that this verdict and judgment were for the value of the property.    The court ordered judgment on the pleadings in favor of Stevens and Routh.    This was correct, for the complaint stated no cause of action against the sureties on the bond.    The judgment for the plaintiff in the replevin suit should have been in the alternative; that is, for the possession of

64 M.—17

the property, or the value thereof in case possession could not be obtained. Whatever may be the rule, under other statutes, in other jurisdictions, it is settled that, under the statutes of this state, in an action of claim and delivery, a party has no election to take a mere money judgment for the value of the property. Such a judgment would be erroneous. G. S. 1894, § 5420; Kates v. Thomas, 14 Minn. 343 (460); Berthold v. Fox, 21 Minn. 51; Sherman v. Clark, 24 Minn. 37; French v. Ginsburg, 57 Minn. 264, 59 N. W. 189. The bond must be read and construed in connection with the provisions of the statute, which enter into and become a part of it. Thus read and construed, the obligation of the sureties to pay the value of the property was not absolute, but only conditional in case a return could not be had. The expression, "such sum as for any cause may be recovered against the defendant," must be construed as meaning such sum as may, in connection with a judgment for a delivery of the property, be recovered as damages for its detention, or, perhaps, for any injury to it, and also, conditionally, the value of the property in case a return cannot be had. Gallarati v. Orser, 27 N. Y. 324. See, also, Dwight v. Enos, 9 N. Y. 470, and Fitzhugh v. Wiman, 9 N. Y. 559.

The liability of the sureties could not be changed or enlarged by any act of the plaintiff in accepting or entering a judgment not authorized by the statute. Their contract was only to pay the value of the property in case a return could not be had. The judgment entered could not be satisfied by a return of the property, even if the sureties or their principal had it ready and in condition to be returned. It could only be satisfied by the payment of money. That is not the judgment which the sureties obligated themselves to satisfy. Gallarati v. Orser, supra. It is no answer to this to say that the judgment was merely erroneous, and not void, and cannot be attacked collaterally. That is true as to the defendant in that action, but the sureties were not parties to it. None of the cases cited by plaintiff sustain its position, unless it be Mason v. Richards, 12 Iowa, 73, with the reasoning of which we are unable to agree.

It seems to us that the fallacy in the position consists in assuming that, as the sureties contract with reference to the judgment that may be rendered in the action, therefore their liabilities are

identical with those of the defendant, and that, for whatever he becomes liable, no matter under what circumstances, they are necessarily liable, also. This is a misapplication of the rule that the judgment in a replevin suit is, in the absence of fraud, conclusive upon the sureties. This is only true provided the judgment is one authorized to be entered in such cases. There are cases, of which Sweeney v. Lomme, 22 Wall. 208, is one, which hold that, when the judgment is merely for the return of the property, the sureties on the bond cannot avail themselves of the fact that the judgment is not in the alternative, for the value in case a return cannot be had. But this is a very different question from the one before us, and need not now be considered. Such a judgment can be satisfied by a return of the property. The failure to return it is, in itself, a breach of the conditions of the bond; and it is not very apparent how the sureties are prejudiced by the omission to fix the value of the property in the replevin suit, and to render an alternative judgment therefor,—a thing which we have repeatedly held is intended for the benefit of the party, and which he may waive. Stevens v. McMillin, 37 Minn. 509, 35 N. W. 372; Thompson v. Scheid, 39 Minn. 102, 38 N. W. 801.

It is urged, however, that the law is settled in this state in accordance with plaintiff's contention by the case of Robertson v. Davidson, 14 Minn. 422 (554). It must be admitted that the ground upon which the decision in that case rests, and the reasoning of the court in support of it, are not very satisfactory. No authority is cited except the nisi prius decision in Gallarati v. Orser, 4 Bosw. 94, which was reversed by the court of appeals in 27 N. Y. 324. The decision seems to be based on the form of the undertaking in the replevin suit, to which the defendant was not a party, and in which the obligors were not described as sureties, the court saying: [2] "The undertaking given by the defendants in this action is, as between them and the plaintiff, an original obligation, and the defendants were not sureties, but original promisors or obligors. The principles applicable to sureties therefore do not apply." Whether this was or was not sound, it has no ap-

[2] At page 428 (558).

plication to the present case, for, by the express terms of the bond, Stevens and Routh contracted as sureties for Bryant.

The only proposition about which we have had the least doubt is one that is not suggested by counsel for the plaintiff, and may be stated thus: That, while it is true that there can be no absolute judgment for the value if there can be a delivery of the property, yet, if it is made to appear, on the trial, that a delivery of the property cannot be made because of its irretrievable loss or destruction, or the like, the court may render an absolute judgment for its value, and that, in the absence of anything in the record to the contrary, the presumption is that the judgment is regular, and that, before its rendition, the court had become judicially satisfied that a return of the property was impossible.

We have found no case in which this was ever done. No such implied exception to the statutory requirements as to the form of the judgment in actions of claim and delivery is even suggested in any of the decisions of this court. On the contrary, in Sherman v. Clark, supra, in which it appeared that a return could not be made, it was said—obiter, it is true—that the judgment should have been in the alternative. Any such departure from the general practice is wholly unnecessary as well as useless, and is liable to result in serious practical difficulties. As suggested in Fitzhugh v. Wiman, supra, evidence as to whether the property can be returned is wholly foreign to any issue in the case. The only support which we have found for any such practice under a statute like ours is in Boley v. Griswold, 20 Wall. 486, and Brown v. Johnson, 45 Cal. 76. It will be noted that in both of these cases the question arose between the parties to the replevin suit, and the force or effect of such a judgment against sureties on the delivery bond was not involved. In the first case, the court placed its decision upon a construction of the statute of Montana, similar to ours, at variance with the views of this court. They seem to have construed it as meaning that an inquiry should be had upon the trial as to whether a return of the property could be made, and that the form of the judgment should depend upon the result of that inquiry. We have always construed it as having exclusive reference to the form of the judgment.

But, even assuming that it might be shown, on the trial, that a return of the property could not be made, and that, in such case, an absolute judgment for its value might be rendered, and that such a judgment would, as against a party to the action, be presumed to have been regularly rendered, yet no such presumption ought to be allowed to obtain as against sureties on the delivery bond who were not parties to the action. Therefore, assuming, without deciding, that plaintiff might recover against the defendants by proving that the destruction or irretrievable loss of the property was established in the replevin suit, and that, on that ground, a judgment merely for its value was rendered, yet it would be incumbent on the plaintiff to allege and prove the exceptional facts which authorized an exceptional judgment. As against these sureties, the judgment is, at least presumptively, not one authorized by statute, and not one with reference to which they contracted.

Judgment affirmed.