BREITMAN AUTO FINANCE COMPANY, INC. v.
J. P. BUFFALO.[1]

February 7, 1936.

No. 30,427.

[1] Reported in 265 N. W. 36.

*E. Luther Melin,* for appellant.
*Charles M. Bank,* for respondent.

DEVANEY, CHIEF JUSTICE.

Plaintiff brought replevin to obtain possession of an automobile upon which it held a chattel mortgage claimed to be in default. It duly executed the statutory bond and obtained possession of the vehicle. Defendant did not rebond nor did he answer within the statutory period, hence plaintiff secured judgment and shortly thereafter proceeded with foreclosure sale under its mortgage. Later defendant secured vacation of the judgment and was granted leave to answer. Many motions and countermotions were made. These matters we need not go into further than to say that at the time of trial neither party to the action was in possession of the automobile. It had been sold and disposed of.

Later the cause was heard. The jury found the obligation upon which plaintiff relied to be usurious and returned a verdict for defendant in the alternative, *i. e.,* for return of the automobile or its value, fixed by the jury at $125. In July, 1934, judgment was entered for the amount of the verdict with interest and costs. In September plaintiff moved the court for leave to deposit with the clerk the amount of the judgment with accrued interest. Defendant moved that plaintiff be compelled to deliver the automobile. Upon these conflicting claims the court made an order granting plaintiff's motion and denying that of defendant. It is from this order defendant prosecutes his appeal.

Assuming, without deciding, that the cause is properly here, we have for decision two questions: (1) Whether the verdict of the jury conforms with statutory requirements; and (2) if that be so, whether the court was justified in allowing plaintiff to deposit in court the amount of judgment with interest and costs, thereby refusing defendant's motion to have the vehicle returned to him.

■ The nature and object of an action in replevin is to recover specific personal property. The action is purely statutory. Its

primary object is the recovery of the possession of the specific thing rather than its value. Like ejectment, the action is possessory. 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8403, and cases cited under notes.

We have a special statute which regulates the form of verdict in such cases. 2 Mason Minn. St. 1927, § 9307. If the property is in the possession of the party in whose favor the verdict is given, its value need not be assessed. But "where the prevailing party is not in possession at the time of the trial the judgment must always be in the alternative, that is, for the possession of the property, or the value thereof in case possession cannot be obtained." 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 8425. The verdict in this case is in conformity with the statute.

The judgment entered upon the verdict complies with 2 Mason Minn. St. 1927, § 9395, which provides:

"In an action to recover the possession of personal property, judgment may be rendered for the plaintiff and for the defendant, or for either. Judgment for either, if the property has not been delivered to him, and a return is claimed in the complaint or answer, may be for the possession, or the value thereof in case possession cannot be obtained, * * *."

■ In this situation it is obvious that the only question remaining in the case relates to the money judgment. As the situation stood at time of trial, and since, the court could no further aid defendant in obtaining his automobile. It was and is unavailable. In substance and effect all that defendant had was a money judgment. As far as the present cause is concerned no other remedy remained open. The jury by its verdict determined the amount and extent of plaintiff's liability.

Where the judgment debtor so desires he may, under our statute, 2 Mason Minn. St. 1927, §§ 9406, 9408, pay the money into court and secure release therefrom. In the instant case that was done. That settles the matter. It necessarily follows that the order of the court below must be and the same hereby is in all things affirmed.