# JOHN BOGESTAD v. WALLACE BOTHUM.

79 N. W. (2d) 371.

November 9, 1956—No. 36,805.

*A. D. Bornemann,* for appellant.
*Lyman A. Brink,* for respondent.

DELL, CHIEF JUSTICE.

This is an action in replevin for the recovery of a Toro Zipper mowing machine, together with $35 damages for its alleged wrongful detention and $25 for its use. In his complaint plaintiff alleged that he was the owner of the mowing machine; that the defendant had wrongfully detained the same from June 1, 1951; and that demand for its return had been made on the defendant on September 15, 1951. At the time of the commencement of the action, plaintiff took possession of the mowing machine under the provisional remedy of claim and delivery.[1]

Defendant interposed an answer in which he pleaded a general denial and alleged that the plaintiff had left the mowing machine with the defendant; that no demand had been made for the machine until June 1, 1952; and that he had never refused to give up possession of the machine to the plaintiff. Defendant also counterclaimed in replevin for certain personalty in the possession of the plaintiff and asked, among other things, for judgment giving the defendant possession of the property or, in the alternative, for a money judgment for its value.

The case was tried before a jury which found "for the defendant with respect to the claim of the plaintiff set forth in his complaint." The jury also found for the defendant with respect to his counterclaim and assessed the value of the property in the event recovery of possession could not be obtained.

Plaintiff thereupon moved the court to amend the verdict so as to provide that plaintiff was the owner of and entitled to possession of the mowing machine or, in the alternative, for findings of fact and conclusions of law with respect to plaintiff's ownership of the machine and for his costs and disbursements against the defendant. The motion to amend the verdict was denied, but the court did find that plaintiff was the owner of the mowing machine and entitled to its possession. It ordered that the plaintiff could cause judgment to be entered to that effect, "but in causing said judgment to be entered the plaintiff shall not have the right to tax against or recover

---

[1]See, M. S. A. 565.01, et seq.

of the defendant any costs or disbursements." The court also denied plaintiff's motion for a new trial with respect to the issue of his ownership.

Judgment was entered in favor of the defendant for the value of the property claimed in defendant's counterclaim. Plaintiff appeals from this judgment.

■ Plaintiff first contends that the trial court, after finding that plaintiff was the owner of and entitled to possession of the mowing machine, erred in not permitting him to cause judgment to be entered allowing costs and disbursements from the defendant. Defendant replies that, (a) since the plaintiff did not appeal from the order of the court denying him costs and disbursements, he cannot raise the question on appeal; and (b) in any event plaintiff is not entitled to costs and disbursements since there was no wrongful detention by the defendant.

On appeal from a judgment, all intermediate orders involving the merits of the controversy or necessarily affecting the judgment may be reviewed.[2] The judgment appealed from in this case, however, involved only the defendant's counterclaim. The plaintiff did not cause judgment, as limited by the order of the trial court, to be entered in his behalf because plaintiff believed that by doing so he would thereby waive his costs and disbursements.[3] Entry of judgment, in itself, does not constitute a waiver of costs,[4] and the plaintiff could have entered judgment in his behalf and appealed therefrom.[5] But the question need not be decided since there is clearly no merit to plaintiff's contention even if it were properly before us for review.

---

[2]M. S. A. 605.09(1); 1 Dunnell, Dig. (3 ed.) § 389; see, Cunningham, *Appealable Orders in Minnesota*, 37 Minn. L. Rev. 309, 315, 316.

[3]Although plaintiff states in his brief that he entered judgment (page 8), this apparently is an inadvertent statement since the record shows that the defendant caused the judgment appealed from to be entered.

[4]See, Cox v. Selover, 177 Minn. 369, 371, 372, 225 N. W. 282, 283. As pointed out in that case, however, entry of a money judgment, together with acceptance of payment and satisfaction, may constitute a waiver of costs.

[5]See, Mason's Dunnell, Minn. Practice, § 2247.

In his answer defendant admitted that the plaintiff was entitled to possession of the mowing machine and impliedly conceded plaintiff's ownership. The record before us shows no controversy between the parties regarding this question and, according to the memorandum of the trial court, it was not submitted to the jury as an issue in the case. There being no settled case, we must assume that the evidence and charge of the court, which are not before us, substantiate this statement. Since the plaintiff's ownership and right to possession were not controverted nor submitted as an issue, the court's finding in favor of the plaintiff cannot be made the basis of an award for costs and disbursements.[6]

There remains the question of the defendant's alleged wrongful detention which was denied in the answer and, according to the court's memorandum, was submitted to the jury as a question of fact. On this issue the jury found for the defendant, and, in the absence of a settled case, we must assume that the verdict of the jury was sufficiently supported by the evidence. Therefore, this issue similarly cannot be made the basis of an award for costs and disbursements.

■ Plaintiff further argues that the money judgment entered by the defendant was not authorized. The judgment contained the following statement:

"That the property enumerated in said judgment has not been returned and the defendant has not obtained possession thereof and therefore enters judgment for the amount of said property as named in said verdict."

M. S. A. 548.04 provides that in a replevin action judgment may be rendered for the prevailing party for the possession of the property if it has not been returned to him, or for the value thereof "in case

---

[6]Cf. 14 Am. Jur., Costs, § 16:

"While costs are commonly allowed against necessary parties or persons who have appeared and interposed defenses to the rights asserted by a plaintiff, it is improper to award costs against a defendant who has and claims no interest in the property in dispute and against whom the complaint states no cause of action."

possession cannot be obtained, * * *." We have repeatedly held that this statute controls the form of the judgment and, where the prevailing party is not in possession of the property, judgment must be entered in the alternative for the possession of the property or for its value where recovery is not possible.[7] It is doubtful in this state whether the alternative judgment can be dispensed with even where it clearly appears to the trial court that the property has been irretrievably lost and is not subject to recovery.[8] The question was discussed but not decided in New England Furniture & Carpet Co. v. Bryant, 64 Minn. 256, 260, 261, 66 N. W. 974, 975, 976, where Mr. Justice Mitchell concluded, and properly so, that failure to enter an alternative judgment, even where it is clearly shown that the property is not recoverable, "is liable to result in serious practical difficulties" and should be avoided.

Even if such an exception to the general rule could be said to prevail, there was no showing in the instant case that the property was not recoverable. An examination of the district court files returned to this court reveals that no execution was issued as intended by M. S. A. 550.04(5), nor is there any other showing that the defendant attempted to obtain the property.

However, as the defendant rightly points out, if there is error in the form of the judgment it cannot be raised for the first time on appeal. Where a judgment has been entered that is contrary to the verdict or is not authorized by statute, it is manifestly proper that the trial court be given an opportunity to correct the error. Otherwise this court would be reviewing alleged errors of the clerk rather

[7]French v. Ginsburg, 57 Minn. 264, 59 N. W. 189; cases collected in 16 Dunnell, Dig. (3 ed.) § 8425. The prevailing party can waive the alternative judgment for the value of the property. Cohen v. Seashore, 159 Minn. 345, 349, 198 N. W. 1009, 1010.

[8]See Sherman v. Clark, 24 Minn. 37, where a judgment for value only was held erroneous even though it was found as a fact that the property had been disposed of. Compare Breitman Auto Finance Co. Inc. v. Buffalo, 196 Minn. 369, 265 N. W. 36, where a money judgment was apparently entered on an alternative verdict, it appearing at the trial that the property had been sold.

than of the trial court. As we said in Scott v. Minneapolis, St. P. & S. S. M. Ry. Co. 42 Minn. 179, 180, 43 N. W. 966:

"* * * we have invariably held that, where a party enters a judgment not warranted by the verdict, the proper remedy is by application to the court in which it is entered to correct or vacate the judgment, and that, unless the authority of that court has been thus invoked, we will not consider the question on appeal from the judgment."[9]

Consequently, the question raised by the plaintiff, even if meritorious, is not properly before us.

The judgment appealed from is affirmed without prejudice to the plaintiff to apply to the trial court for an amendment of the judgment.

Affirmed.

[9]See, also, Goldman v. Christy, 158 Minn. 182, 197 N. W. 100; Cherveny v. Hemza, 134 Minn. 39, 158 N. W. 810.