## NICKE G. MANGOS, INDIVIDUALLY AND AS EXECUTRIX OF ESTATE OF GUS G. MANGOS, v. CHRISAFO MANGOS AND ANOTHER, EXECUTORS OF ESTATE OF PETER G. MANGOS.

117 N. W. (2d) 916.

November 16, 1962—No. 38,693.

---

[3]State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640.

*Frank J. Collins* and *Frank J. Donahue,* for appellant.
*Peter E. Kamuchey,* for respondents.

ROGOSHESKE, JUSTICE.

This appeal from a judgment arises out of an action in district court for a partnership accounting and for damages resulting from alleged fraudulent misrepresentations by which the representative of the estate of a deceased partner was induced to divide partnership assets with a surviving partner.

The numerous assignments of error present only the questions of whether the evidence supports the findings and whether the district court had jurisdiction to order the entry of a money judgment against an estate during pendency of probate proceedings.

Briefly, the evidence established and the court found that two brothers, Gus G. Mangos and Peter G. Mangos, when boys, came to this country from Greece and lived and planned and worked together to accumulate enough money to go into business. In 1922 they were able to open the Central Avenue Cafe in Minneapolis. For many years they operated it as partners under an oral agreement to pool their services and income, sharing equally in the earnings and profits, which they invested for their mutual and equal benefit. In 1927 Gus married the plaintiff, Nicke, and thereafter in May 1929 that part of the brothers'

oral partnership agreement relating to the operation of the cafe was reduced to writing. They also continued their partnership for the investment of the earnings and profits of their cafe business. They made a conditional sale of the cafe in 1938, but default by the purchaser in 1940 or 1941 caused them to repossess. Thereafter they resumed operations, adding a third party, Andrew Ryan, to this part of their partnership business. Both Gus and Peter continued to be active in the operation of the cafe and the management of their accumulated other properties until the latter part of July 1944 when Gus became incapacitated by a stroke. Thereupon Peter and Ryan continued to operate the cafe until February 1946 when it was sold a second time. Peter also took over the management of other assets which the court found had been acquired with partnership funds. This he continued until the death of Gus on December 27, 1945, and thereafter until a division of the partnership assets by plaintiff and defendant in April 1946. Plaintiff individually and as a representative of her husband's estate sought an accounting from Peter for management of the cafe and the other assets.

During the course of the partnership, a substantial amount of real estate was acquired, the record title to which was put in Gus' name alone since he was older and acknowledged by Peter to be more adept in business dealings. In December 1938, after the first sale of the cafe, when Peter contemplated an extended trip to Europe (which never materialized), the partners executed two additional written agreements, one denoted a "trust agreement." The agreements dealt with the assets acquired from their business ventures and acknowledged that such assets were jointly owned. These instruments, and one signed by Gus in October 1938, specifically listed the assets; vested their management and control in Gus; and, consistent with the partnership activities, declared that Gus held all such property as "trustee for the benefit of said Peter G. Mangos" and would render an accounting on demand or on termination of the arrangement. Contrary to plaintiff's contentions, the trial court found that these agreements were not intended to, and did not, terminate the partnership; and further, that two tracts of real property not listed in the agreements but acquired by Gus there-

after were in fact purchased with partnership funds and constituted additional assets of the partnership.

As previously indicated, in April 1946, shortly after Gus' death and before his will was admitted to probate, defendant and plaintiff acting individually made an agreement to divide some of the partnership assets.

Plaintiff commenced this action in November 1950. The complaint alleged that the "settlement" which resulted in a division of certain properties was obtained by fraudulent misrepresentations, and that an accounting should be made for not only the period between disablement and death but also for transactions relating to the payment of the expenses of last illness and funeral. Peter counterclaimed for money due him by reason of debts incurred in plaintiff's behalf since the "settlement." Trial was not held until May 1957 when, pursuant to stipulation and order, the matter was heard by a referee, the Honorable Lars O. Rue, retired judge. After an extended trial the referee submitted proposed findings to the parties and thereafter made his report to the court. All of the essential findings of the referee were adopted by the trial court. It was thus determined that Peter owed plaintiff individually $768.75 and the estate of Gus Mangos owed Peter $5,650.95; that the charge of fraud was not sustained; and that all real property not divided by the settlement of April 1946 was owned jointly as tenants in common.

1. The difficulties of communication upon trial, superimposed upon the numerous transactions between the partners, required patient and painstaking labor to determine a correct adjustment of the partnership accounts. That such judicial labor was accorded the parties is strikingly demonstrated by the record. In fact plaintiff's challenges are directed more to the division and allotment of the receipts and disbursements than to specific amounts found to be received or disbursed. Our comprehensive examination of the record convinces us there is sufficient evidence to support each and every finding and that her challenges are without merit. Accordingly, under well-established rules, the findings must be sustained.

2. Upon appeal plaintiff for the first time asserted that the district

court had no jurisdiction to enter a money judgment against the estate. She correctly contends that lack of jurisdiction of the subject matter can be raised at any time; that the district court has no original jurisdiction over claims against estates of deceased persons arising upon contract; and that such jurisdiction cannot be conferred by consent. However, jurisdiction over the subject matter of a partnership accounting should not be confused with the authority of the district court to order judgment against an estate. Since defendant filed no claim in probate court prior to plaintiff's suit, clearly the district court was the only court having jurisdiction over the subject matter.[1] This is true because the probate court has no independent jurisdiction in law or equity over actions instituted by the representatives of an estate against third parties.[2] It is equally clear that the district court had no authority to order entry of judgment against the estate since such an order conflicts with Minn. St. 525.411, which requires all claims against an estate arising upon contract to be filed in probate court. Defendant conceded on argument that his judgment against the estate is such a claim and that it must be, and has been, filed in probate court. Plaintiff's challenge, therefore, does not raise a jurisdictional issue concerning the subject matter of the action but rather the lack of authority of the district court to order entry of judgment—at most an irregularity indirectly prohibited by statute.

3. We have previously held that when an unauthorized judgment has been entered the proper remedy is an application to the court in which the judgment was ordered to correct its judgment. In the absence of a request to, or a ruling by, the trial court, the matter cannot be reviewed on appeal.[3]

Decision of trial court is affirmed without prejudice to the plaintiff's

---

[1] Fulton v. Okes, 195 Minn. 247, 262 N. W. 570.

[2] Order of St. Benedict of N. J. v. Steinhauser (D. Minn.) 179 F. 137; State ex rel. Larson v. Probate Court, 204 Minn. 5, 283 N. W. 545; Marquette Nat. Bank of Minneapolis v. Mullin, 205 Minn. 562, 287 N. W. 233.

[3] Bogestad v. Bothum, 248 Minn. 198, 79 N. W. (2d) 371; Scott v. Minneapolis, St. P. & S. S. M. Ry. Co. 42 Minn. 179, 43 N. W. 966.

right to apply to the trial court for vacation of its judgment and amendment of its order for judgment.