## FLORENCE BERGQUIST v. THE STENSON COMPANY, INC.[1]

May 24, 1935.

No. 30,374.

*Samuel E. Jacobs* and *Paul M. Smiler,* for appellant.
*E. Luther Melin,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from a judgment entered pursuant to verdict for plaintiff. After rendition of the verdict defendant moved to have the same so reduced as to include only nominal damages. The verdict was for $116.13.

This action was brought to recover damages for the wrongful detention of a washing machine taken by defendant in an action in replevin theretofore brought by it against plaintiff and resulting in judgment for defendant in that action, plaintiff here. Defendant concedes that plaintiff was entitled to recover damages in the in-

[1]Reported in 260 N. W. 871.

stant case but claims that the evidence is such as not to warrant any recovery beyond nominal damages.

The court submitted to the jury as the only issue "the damages sustained by plaintiff by the unlawful taking and detention of her washing machine. * * * If you find that the damages were only nominal then it is within your discretion to return a verdict for nominal damages; * * *. It is undisputed that the machine was taken away from her under a writ of replevin issued out of the municipal court on the 30th of August, 1930; and there is testimony to show that it was tendered back to her the 29th day of April, 1932. There is no dispute about that. So that between the 30th of August, 1930, and the 29th of April, 1932, at least, she was deprived of the use of this washing machine to which she was rightfully entitled. If the machine that was tendered to her on the 29th of April, 1932, was not the machine that was taken from her, then she would be entitled to damages for the value of the use of the machine down to the time of the bringing of this action, * * * the 15th of August, 1933." The measure of damages was defined to be "the value of the use of the machine during the period" of detention. "The rental value—if there is a market for rental [of] washing machines—would have a bearing; but we do not know anything about there being a market for rented washing machines, as there has been no testimony offered on that point. But it is fair to assume that it has some value, and there is testimony as to what was done with the machine, and what it cost to have washing done with it and what it cost to have washing done without it." The jury were cautioned to "do the best you can, honestly and fairly, not trying to punish anybody—as this is not that kind of a case—but to do justice between the parties; and try to give her in your verdict some sum of money that would fairly compensate her for the loss of the use of the machine during one or the other of these periods that I have indicated, according to your best judgment as to when the machine was tendered back to her, or if it has ever been tendered back to her."

When the charge had been completed the record shows this:

Mr. Jacobs: "In stating to the jury the measure of damages as being the reasonable rental value of that machine, it strikes me against that should be offset the depreciation during that same period if she used it.

The Court: "If there had been any testimony on that point I certainly would have submitted it to the jury. There isn't, and I don't think they better guess about it.

Mr. Jacobs: "I think I had better take an exception to the whole charge."

Defendant's entire argument is directed to the alleged failure on plaintiff's part to show the value of the use of the machine. We have carefully read the record and find that there is evidence reasonably tending to sustain a recovery upon the theory submitted to the jury. No exception was taken to the charge except the general one quoted above. It is too obvious for further comment that such exception was wholly ineffective. We think the rule stated in Sherman v. Clark, 24 Minn. 37, 42-43, applicable:

"The defendant claims that where the value of the use of the property during its detention is allowed as damages for detention, the value of the property should be assessed as of the time of the verdict or finding. The correctness of this position would evidently depend upon the nature of the property. If the property was of such a character as necessarily to perish, or become worn out or impaired in value in the using, or perhaps if, in a particular case, this effect was shown to have resulted from using, then there might be ground for complaining that to give the value of the property at the time of the taking, and also the value of its use as damages, would be to include a part of the value of the property twice, since the value of the use would be made up in part of that portion of the value of the property which was destroyed in using. But as to property of the kind involved in this case—to-wit, a pair of horses, a wagon, neck-yoke, whiffletrees, seat, harness, and a set of double sleighs—it cannot be said that, taking it as a whole, it would necessarily or did in fact perish, or become worn out or impaired in value by reasonable use.

"As the finding of the court is as to the value of the use of the property as a whole, and of the damage occasioned by the taking and detention, and the finding is to be presumed right if it reasonably can be, it may well be supported upon this-basis."

See also Keyes v. M. & St. L. Ry. Co. 36 Minn. 290, 294, 30 N. W. 888. The rule is stated in 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 8420, thus:

"If the property has a usable value the reasonable value of its use during its wrongful detention may be recovered if properly pleaded and proved." See cases under note 27 in support of the rule.

The jury was justified in finding that the property was wrongfully detained by defendant over a period of nearly three years, so the verdict represents a recovery of less than 75 cents per week. While the evidence in plaintiff's behalf is not strong, yet we conclude that it is sufficient to sustain a finding as moderate as the one here made. It is fair to assume that the jury was familiar with the value of the use of a washing machine of the type here involved. The amount of work that plaintiff did with the machine from week to week was gone into. The cost to which she was put because of the loss of the use thereof was also shown. Her evidence, if taken literally, would have justified a larger recovery than that here permitted. What this court said in Meisch v. Safranski, 147 Minn. 122, 124, 179 N. W. 685, viz.: "The jury applied its practical knowledge of farming and probably reached a fair result," is applicable to the facts here appearing. We think the court was justified, in view of the record presented, in sustaining the verdict.

Judgment affirmed.