SPECTOR, Associate Judge
(Retired).
Appellee was the original plaintiff in a replevin action in which the lower court ordered appellant to deliver certain bleacher seats to appellee or in the alternative to pay appellee $1,200.00. Appellant posted supersedeas bond and appealed that judgment to this court and we affirmed. This entire appeal process took approximately two years, during which time the bleachers were in the possession of appellant. After this exhaustion of appeal process, appellee moved the lower court for additional damages for the detention of the property during the two-year appeal time.
The appellee’s theory of damages was based upon the fair rental value of the bleachers for the two years, and evidence was adduced to the effect that similar bleachers were rented at a rate of ten cents per seat per month. The lower court entered judgment in favor of appellee in the amount of $9,442.04. This figure was arrived at by multiplying the number of seats by the number of months detained and multiplying that total figure by ten cents.
By this appeal, appellant contends that the lower court erred in not reducing the amount of damages by a reasonable allowance for deterioration of the property. We agree.
Ocala Foundry and Machine Works v. Lester, 49 Fla. 199, 38 So. SI (1905), sets forth the rule that in a replevin action where the use of the property is valuable, the measure of damages is the fair, reasonable, ordinary value of the use which is estimated by the market price of such use during the detention. This was the measure of damages used by the lower court. However, the court in Ocala Foundry and Machine Works, supra, went on to say that where the unlawfully detained property was not used but was cared for by the defendant so that its condition has remained constant, there should be deducted from the market value a reasonable sum for the deterioration in the condition of the property if it had been used during such period.
The testimony in the instant case is to the effect that the bleachers were in sub *613 stantially normal condition and that appel-lee was prevented from using the bleachers during the two-year appeal period by the wrongful detention of appellant. The President of Reeves Steel, Inc. also testified that the company amortized the bleachers over a five-year period.
Therefore, using appellee’s own measure of deterioration, the amount of the damages for retaining the property for two years should have been reduced by forty percent.
For the foregoing reasons, we reverse with instructions to enter judgment consistent with the views expressed herein.
BOYER and McCORD, JJ., concur.