Dean M. UTTERBERG, Respondent,

v.

Richard J. CAMERON and Elaine L. Cameron, Appellants.

No. 49653.

Supreme Court of Minnesota.

July 20, 1979.

Carleen, O'Dougherty & Bohanon and John C. Carleen, Minneapolis, for appellants.

Robert R. Alderman, Brainerd, for respondent.

PETERSON, Justice.

Defendants Cameron, as vendors of real property, appeal from the judgment entered in the Crow Wing County District Court directing that they specifically perform an agreement for the sale of that property to plaintiff, Dean M. Utterberg, as vendee. We affirm.

On March 5, 1977, plaintiff and defendants entered into a purchase agreement which provided, in addition to the standard terms, for the balance of the downpayment to be paid not later than May 1, 1977, with an annual rate of interest of 9 percent computed on the unpaid balance under the contract for deed. Defendants refused plaintiff's offer of tender of the downpayment on May 1, 1977, and, in their answer to plaintiff's complaint, sought to void the purchase agreement upon the basis that it provided for a rate of interest in excess of the maximum allowed by law. Minn.St. 334.03.

Seebold v. Eustermann, 216 Minn. 566, 13 N.W.2d 739 (1944), unless overruled, would support the position of defendants that a contract in violation of Minn.St. 334.-03 is void at its inception and confers no rights upon either of the parties except as provided by statute. We now think the better reasoned result is expressed by the minority opinion in Seebold, based upon the premise that usury statutes are designed to protect the weak and necessitous so that the penalties should be imposed only against the usurer and not against the victim. Lukens v. Hazlett, 37 Minn. 441, 35 N.W. 265 (1887).

We accordingly overrule Seebold v. Eustermann, supra, the practical effect of which is to redirect the burdens and protections of the usury laws to prevent their invocation by the usurer at his option to avoid a contract when, as in the instant case, a highly appreciable asset is its subject. The protection of asserting the defense of usury is available only to the purchaser.

Affirmed.