ERVIN, Judge.
Appellants, HEG, Inc. and Lisa M. Ken-ner, appeal the dismissal of their amended complaint in which they sought replevin as well as damages for the wrongful detention of certain books and records. Appellants contend the trial court erred in concluding that their replevin and damage claims were mooted by a previous order of the court, and in concluding that the claim for damages for detention of Kenner’s “tools of trade” constituted a claim for special damages that plaintiffs failed to specifically allege. We agree and reverse and remand.
During a foreclosure/receiver proceeding brought by appellee Bay Bank & Trust Co. (Bay Bank) against certain property of Panama Cold Storage Co. and Panama Fish Co., Bay Bank took possession of a mini-warehouse that contained the property of the appellants. After making a demand for return of the contents of the mini-warehouse, which was refused, appellants initiated a replevin action against Bay Bank, seeking return of the contents of the mini-warehouse and damages for the taking and detention. Part of the property claimed included the tools of Lisa Kenner’s trade, described as: “(b) Approximately forty cookbooks, recipes, operating manuals, job descriptions, work rules, written procedures, and other written procedures and rules that Kenner wrote, developed and owned, and used in her job as manager of Hamilton’s Bar & Grill, Inc. (all of said work product collectively herein called ‘tools of trade’).”
Following a hearing on the matter pursuant to Section 78.067, Florida Statutes (1987), the trial court issued an order directing Bay Bank to deliver the property to HEG and Kenner pending the final determination of the action. Appellants thereafter filed an amended complaint.[1] Bay *1013 Bank subsequently filed a motion to dismiss the amended complaint for the reason that it had delivered to the appellants all documents required by the writ of replevin, thereby rendering moot the replevin aspects of the amended complaint, that Kenner had waived her claim for damages, and that plaintiffs had failed to state a claim for special damages. The trial court entered an order dismissing the amended complaint, finding that the action had been resolved by the previous order requiring delivery of HEG and Kenners’ books and records, and that plaintiffs failed to state a cause of action for special damages. We cannot agree.
It appears that Bay Bank does not dispute that title to the personal property at issue is with HEG and/or Lisa Kenner. However, there has been no resolution of whether appellants are entitled to damages for wrongful detention. As provided in Section 78.18, Florida Statutes (1987), “If it appears that the property described in the complaint was wrongfully taken or detained by defendant and the property has been delivered to plaintiff by the officer executing the writ, plaintiff shall have judgment for his damages caused by the taking and detention and costs.”
Bay Bank claims that appellants made a representation in their response to Bay Bank’s motion to dismiss that they were seeking only nominal damages. However, the statement in question did not apply to Kenner. Indeed, appellants specifically stated in their response that “plaintiff Ken-ner has not waived her claim for damages for detention.” Moreover, although appellants do not dispute that HEG conceded this point, an award of nominal damages is still a factual issue that has not yet been determined. Hutchison v. Tompkins, 259 So.2d 129, 132 (Fla.1972).
Bay Bank next claims that damages for loss of use of the tools of Kenner’s trade are special damages that should have been specifically pled. However, as stated in Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51 (1905), the kind of damages Kenner is seeking need not be specifically pled. In a replevin action,
[gjenerally speaking, interest on the value of the property wrongfully detained is the proper measure of damages in an action of replevin. But where the use of the property is valuable the rule stated does not furnish the plaintiff adequate compensation, and in such cases he is entitled, not to interest on the value, but to the value of the use_ Many authorities hold [and this court herein agrees] that the true measure of damages in such cases is the fair, reasonable, ordinary value of the use of the property, and that such damages may be recovered under the general claim without special allegations of injury.
Id. at 54-55 (emphasis added). Accord Hart Land & Cattle Co. v. Reeves Steel, Inc., 309 So.2d 611 (Fla. 1st DCA), cert. denied, 318 So.2d 403 (Fla.1975). Although the court in Ocala Foundry went on to indicate that damages for a special undertaking or unusual use must be specifically pled, there has been no showing at this stage of the proceedings which would support the application of this exception to the case at bar, contrary to Bay Bank’s contention. As an example of “unusual use,” the court in Ocala Foundry stated that while damages for the use value of a locomotive must be specially alleged when the property replevied was a mere tram engine, because the use value of a locomotive was far greater than a tram engine’s, damages for unlawful detention of a farm horse need only be generally alleged in that the measure of damages is the use or rental value of ordinary farm horses, rather than “a blooded animal valuable for breeding purposes.” Ocala Foundry, 49 Fla. at 211, 38 So. at 55. In the case at bar, the trial court has not yet reached the stage of assigning a value to the use of Kenner’s tools of trade; therefore it is premature to decide that she was seeking an amount that was beyond the fair, reasonable, and ordinary value of such use.
*1014 Finally, Bay Bank relies heavily on Cerna v. Swiss Bank Corp. (Overseas),, S.A., 503 So.2d 1297 (Fla. 3d DCA), review denied, 513 So.2d 1060, 1063 (Fla.1987), for the proposition that personal financial books and records have no inherent value; thus they cannot be the subject of damages in a replevin action. However, the court in Cema held only that the personal financial and property records in that case had no inherent value, thus could not be the subject of a writ of attachment. Cema does not state that all financial books and records are valueless as a matter of law in all contexts, including a replevin action. We consider this to be a question of fact. Although the financial books and records in the case at bar may in fact have no inherent value, there was no evidence of this before the trial court upon which a decision could have been based.
We consider the remaining points appel-lee raised to be without merit.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WIGGINTON and WOLF, JJ., concur.

. On appeal, appellee claims the amended complaint was improperly filed without leave of the trial court. HEG and Kenner claim that leave was not required under Florida Rule of Civil Procedure 1.190(a), because they filed the amended complaint before a responsive pleading was filed. It appears, however, that Bay Bank's response to the order to show cause may have constituted a responsive pleading. Continental III. Nat'l Bank & Trust Co. v. Four Ambassadors, 599 F.Supp. 534, 536 & n. 4 (S.D.Fla.1984) (the term "responsive pleading" in Florida’s rule 1.190(a) refers to a pleading that joins issue and replies to a prior pleading, which is not restricted to an answer). We conclude that *1013 the trial court is the proper court to decide this issue.