PER CURIAM.
The plaintiff, Jorge Campos, was a mechanic employed by the defendant, World Ford, in its automobile repair department. In May 1998, Campos was terminated from his employment. For some time after the termination, World Ford refused to release Campos’s tools. This refusal was premised on Campos’s request that World Ford release the tools to third persons. Ultimately, Campos filed a petition for writ of replevin seeking the return of his tools and damages 'for loss of use and the depreciation of his property. After the petition was filed, Campos’s tools were returned.
Thereafter, World Ford filed a motion for summary judgment claiming that the damages sought by Campos were essentially for lost wages and, therefore, not recoverable under the replevin statute. The trial court granted World Ford’s motion. Following the denial of Campos’s motion for rehearing, this appeal ensued. For the following reasons, we affirm.
Under the replevin statute: .
Any person whose personal property is wrongfully detained by any other person or officer may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention as herein provided.
§ 78.01, Fla. Stat. (1998). The courts have routinely held that compensation may be obtained by a plaintiff whose property has been wrongfully withheld:
Generally speaking, interest on the value of the property wrongfully detained is the proper measure of damages in an action of replevin. But where the use of the property is valuable the rule stated does not furnish the plaintiff adequate compensation, and in such cases he is entitled, not to interest on the value, but to the value of the use.
Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51, 53 (1905). See also Heg, Inc. v. Bay Bank & Trust Co., 591 So.2d 1011, 1013 (Fla. 1st DCA 1991)(“Many authorities hold and this court herein agrees that the true measure of damages [in a replevin action] is the fair, reasonable, ordinary value of the use of the property.’’)(quoting Ocala Foundry & Machine Works, 38 So. at 53); Butler v. Mirabelli, 179 So.2d 868, 871 (Fla. 2d DCA 1965)(16ss of use damages awardable in replevin action if competent substantial evidence supports such a claim).
In this case, although Campos’s complaint claims differently, the record shows that the only damages that he seeks are for loss of income. During Campos’s deposition, his attorney, Mr. Marinello, explained to World Ford’s attorney, Mr. Stinson, the damages Campos seeks.
Mr. Marinello: The only thing we’re looking for is the loss of income from date of termination or the date that he could have been reemployed to the date that he finally became employed on a steady job.
* * *
*709 Mr. Stinson: Okay. And so Pm clear again, you’re not going to pursue any loss of value for tools themselves?
Mr. Marinello: Not at all.
[[Image here]]
Mr. Stinson: In your complaint, Paragraph 16, and let’s go to B first,'... it says you’re claiming damages for the depreciation of your property. Can you tell me what the depreciation was and what the value is that you’re placing on that depreciation?
Mr. Marinello: Well, we’re not pursuing that since now we have the tools back. * * *
Mr. Stinson: Are you pursuing damages for depreciation of property?
Campos: No.
We have found no Florida case awarding lost wages in a replevin action. Indeed, our research has found only one case in the country that confronts this issue. In the Minnesota case of Widgren v. Massie, 352 N.W.2d 420 (Minn.App.1984), the court specifically held, under a replevin statute similar to ours, that:
[t]he reasonable value of [a property’s] use during the wrongful detention does not include respondent’s lost wages for that period.
Id. at 426. We find that the Minnesota court was right.
Accordingly, since the property has been returned and the damages sought by Campos are not recoverable, we affirm the summary judgment entered in favor of World Ford.
Affirmed.
GREEN and WELLS, JJ., concur.