COPE, J.
(dissenting).
Under the replevin statute, “Any person whose personal property is wrongfully detained by any other person ... may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking_” § 78.01, Fla. Stat. (1998) (emphasis added). For purposes of the summary judgment motion of defendant-appellee Courtesy Ford, Inc., the record must be read in the light most favorable to plaintiff-appellant Jorge Campos.
Read in the required light, the plaintiff was a mechanic employed by the defendant automobile dealership in its repair department. In May 1998, the defendant fired the plaintiff. There was a period of time following the firing that the defendant refused to release the plaintiffs tools to persons authorized by the plaintiff to pick the tools up. After the filing of the petition for writ of replevin, the defendant returned the tools to the plaintiff.
The defendant filed a motion for summary judgment arguing in essence that since it had returned the tools to the plaintiff, the plaintiff was not entitled to any damages. But, as quoted above, section 78.01 provides that the plaintiff may recover for any damages sustained by reason of the wrongful taking.
The plaintiffs claim is that he was unable to find other employment as a mechanic until such time as his tools were returned to him. The defendant’s main argument is that such damages are not recoverable in a replevin action.
The First District has held that compensation may be had where the defendant wrongfully detains the tools of the plaintiffs trade. Heg, Inc. v. Bay Bank & Trust Co., 591 So.2d 1011 (Fla. 1st DCA 1991). The Florida Supreme Court has said:
Generally speaking, interest on the Value of the property wrongfully detained is the proper measure of damages *710 in an action of replevin. But where the use of the property is valuable the rule stated does not furnish the plaintiff adequate compensation, and in such cases he is entitled, not to interest on the value, but to the value of the use.
Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51, 53 (1905) (citations omitted); see 12 Fla. Jur.2d Conversion and Replevin § 78 (1998); see also Restatement (Second) of Torts § 927(2)(b),(d) & comment b (1979) (applicable to replevin proceedings) (cited in Christopher Advertising Group, Inc. v. R & B Holding Company, Inc., 883 So.2d 867, 873 (Fla. 3d DCA 2004)).
Since the defendant has based its position in this appeal on the proposition that damages are not recoverable by the plaintiff as a matter of law, and since that analysis is incorrect, we should reverse the summary judgment.