**Douglas GRAB, individually and as trustee for the next of kin of Dylan Grab, decedent, Appellant,**

v.

**JANSPORT, INC., a Wisconsin corporation, et al., Respondents,**

**K–2 Corporation, a Washington corporation, et al., Respondents.**

**and**

**JANSPORT, INC., a Wisconsin corporation, et al., Third Party Plaintiffs, Respondents.**

v.

**Douglas GRAB, Third Party Defendant, Appellant,**

**Joni Grab, Third Party Defendant.**

**No. CX–90–2002.**

Court of Appeals of Minnesota.

March 12, 1991.

Leo F. Feeney, Vincent J. Moccio, Robins, Kaplan, Miller & Ciresi, St. Paul, for appellant Douglas Grab.

Richard P. Mahoney, Thomas E. Marshall, Mahoney, Dougherty and Mahoney, Minneapolis, for K–2 Corp. and Sitca Corp.

Charles E. Gillin, Jardine, Logan & O'Brien, St. Paul, for JanSport, Inc., and Downers, Inc.

Considered and decided by CRIPPEN, P.J., and PETERSON and MULALLY,* JJ.

## OPINION

CRIPPEN, Judge.

The trial court awarded prejudgment interest to appellant following a jury award of damages. The court based the award on a settlement offer made by respondent K–2 Corporation, finding that an earlier settlement offer made by appellant was unlawful because it was not served on this respondent. Appellant contends on appeal that

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

his offer was valid because it was made to an attorney for another respondent who was acting as a spokesman for all defendants.

## FACTS

In September 1984, appellant's son suffocated in a tent manufactured by respondent JanSport, Inc. Appellant brought a tort action against JanSport and respondent K–2 Corporation, which acquired JanSport in 1972. JanSport and K–2 were represented by separate counsel, but appellant claims JanSport's counsel was responsible for the bulk of discovery and preparation for trial.

In November 1985, JanSport's counsel wrote appellant asking him to make a settlement demand. In May 1986, appellant's counsel wrote JanSport's attorney, making a settlement offer of $90,000. Acccording to appellant, JanSport's counsel represented that he had informed K–2's counsel about the settlement offer and that he would be discussing it further with him. Appellant did not send his demand for settlement to K–2's counsel. K–2 acknowledges that in September 1986, JanSport's counsel orally advised K–2's counsel of the demand for settlement.

In February 1988, K–2 served a written settlement offer for $10,000 on appellant. In April 1988, appellant served a letter on counsel for both JanSport and K–2 withdrawing his $90,000 settlement demand.

The case went to trial in September 1988. The trial court ordered a directed verdict for JanSport. The jury found against K–2 and awarded appellant $87,605.20 in damages. The trial court ruled that prejudgment interest should be based on the jury award because neither appellant's nor K–2's settlement offer produced a response within sixty days as the trial court believed was required by the offer-counteroffer provision of the prejudgment interest statute, Minn.Stat. § 549.09, subd. 1(b) (1984).[1]

1. Under the statute, upon service of an offer by either party, the other party "may serve [an acceptance or counteroffer] within 60 days." Minn.Stat. § 549.09, subd. 1(b) (1984). If the

On appeal, the court of appeals held that the trial court had misinterpreted the statute. Quoting *Hodder v. Goodyear Tire & Rubber*, 426 N.W.2d 826, 841 n. 17 (Minn. 1988), *cert. denied* —— U.S. ——, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989), the court held that the statute applies " 'whenever one party serves a valid offer.' " *Grab v. JanSport, Inc.*, No. CX–89–437, 1989 WL 117158 (Minn.App. Oct. 10, 1989), *pet. for rev. denied* (Minn. Dec. 8, 1989). The court remanded to the trial court for a determination of whether appellant had served a valid settlement demand on K–2.

Acting pursuant to the remand, appellant moved to compel respondent to produce evidence that appellant believed might show JanSport's counsel had been designated among the defense attorneys as the appropriate conduit for all settlement demands. The court denied appellant's motion, reasoning that this evidence was irrelevant because it would not establish service of a valid offer on K–2.

The trial court concluded that the language of section 549.09 requires that settlement offers be in writing and exchanged between the parties. The court found that appellant submitted its $90,000 settlement demand to JanSport but did not make a written offer to K–2. Appellant's subsequent withdrawal of his offer left K–2's offer as the only outstanding offer at the time of the jury verdict. Thus, the court awarded prejudgment interest of $3,074.93 to appellant, based on K–2's $10,000 settlement offer.

### ISSUE

Does the offer-counteroffer provision of the prejudgment interest statute (Minn. Stat. § 549.09, subd. 1(b) (1984)) require that all offers of settlement be served on each adverse party?

### ANALYSIS

■ The trial court's determination of the validity of appellant's settlement offer necessarily requires an interpretation of the prejudgment interest statute. Thus, this determination is a question of law and on review this court is not bound by the decision of the trial court. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

■ Minn.Stat. § 549.09, subd. 1(b) (1984) expressly requires that all offers be in writing and anticipates that they be served on the "other party." Paralleling the statute, civil case rules require that every "offer for judgment" in a multi-party case be served on every party. Minn.R. Civ.P. 5.01. Appellant's demand for settlement was never served on K–2 or its attorney. Therefore, as the trial court concluded, it was not a lawful offer under the prejudgment interest statute's offer-counteroffer provision.

Appellant contends it is vital here to examine which attorney solicited an offer or was most active in the litigation process, or to know what approach to negotiations was selected among counsel. We disagree. The statute deals simply with service on a party. While the statute and corresponding civil rules permit like service on one retained as an attorney to represent a party, *see* Minn.R.Civ.P. 5.02, nothing in the statute or rules widens the avenue of service to include arrangements among counsel, either with or without the consent of a party.

Statutes in derogation of the common law are to be strictly construed. *See Bubar v. Dizdar*, 240 Minn. 26, 28, 60 N.W.2d 77, 79 (1953). The statute gives no authority for allowing service on only one adverse party or attorney when there are two or more adverse parties. We cannot construe the statute as allowing such service on only one party when such a construction is against the plain language of the statute. Furthermore, given that section 549.09, subd. 1(b) makes it significant that a party respond to an offer within sixty days, strict

winning party's settlement offer proves to be closer to the judgment than the losing party's offer, the winning party gets preverdict interest on the settlement offer amount. If the losing party's offer is closer, the losing party pays interest on the lesser of its offer and the judgment. *Id.*

compliance with the service requirments of the statute is essential. In addition, if we were to hold that service could be made on a single adverse party, the courts would repeatedly be placed in the difficult position of deciding whether a party who was not served received other adequate notice of the settlement offer.

Given our decision in this case, we decline to address appellant's argument that K–2's offer was invalid because it was made outside the statute's sixty-day limit on counteroffers.

## DECISION

The trial court correctly determined that appellant's demand for settlement was invalid because it was not served on respondent K–2. The court correctly calculated prejudgment interest based on K–2's $10,-000 offer.

Affirmed.