Yisa **JINADU,** Appellant,

v.

**CENTRUST MORTGAGE CORP.,** Respondent.

No. C5–93–2164.

Court of Appeals of Minnesota.

June 7, 1994.

Review Denied July 27, 1994.

---

Sue B. Stingley, Leslie L. Lienemann, Minneapolis, for appellant.

Fred Y. Adiyia, Larry E. Reed, Hassan & Reed, Minneapolis, for respondent.

Considered and decided by HARTEN, P.J., and PETERSON and STONE,* JJ.

## OPINION

PETERSON, Judge.

The district court dismissed appellant Yisa Jinadu's action against respondent CenTrust Mortgage Corporation for lack of subject matter jurisdiction. Based on 12 U.S.C. § 1821(d)(13)(D) (Supp. II 1990), the court concluded it lacked jurisdiction because the Resolution Trust Corporation had been appointed as CenTrust Mortgage's receiver for the purpose of liquidation before Jinadu began this action. We affirm.

## FACTS

On June 28, 1990, the Office of Thrift Supervision appointed the Resolution Trust Corporation (RTC) as receiver for CenTrust

---

* Retired judge of the district court, acting as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Federal Savings Bank (CenTrust FSB) for the purpose of liquidation. CenTrust FSB is the parent corporation of respondent Cen-Trust Mortgage Corporation.

In early 1991, CenTrust Mortgage offered Jinadu a position as a loan processor. Although the parties disagree about the terms of the employment offer, the following facts are undisputed. Jinadu submitted to a drug test the day after he began working for CenTrust Mortgage. The test came back positive for marijuana, and CenTrust Mortgage terminated Jinadu's employment.

On June 14, 1991, Jinadu began an action against CenTrust Mortgage, alleging multiple violations of the Minnesota Drug and Alcohol Testing in the Workplace Act; discrimination based on race, national origin, and disability; breach of contract; defamation and intentional infliction of emotional distress. When Jinadu applied for employment, CenTrust Mortgage had incorrectly informed him that it was under the conservatorship of RTC. Jinadu claims that RTC did not inform him of its status as receiver until August 1992.

On September 14, 1993, CenTrust Mortgage filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The district court dismissed the action for lack of subject matter jurisdiction and did not address the merits of the case. This appeal followed.

## ISSUE

Did the district court properly dismiss Jinadu's claim against CenTrust Mortgage for lack of subject matter jurisdiction?

## ANALYSIS

■ A judgment rendered by a court without subject matter jurisdiction is void. *Norris Grain Co. v. Seafarers' Int'l Union*, 232 Minn. 91, 97, 46 N.W.2d 94, 99 (1950). A party may raise an objection based on lack of subject matter jurisdiction at any stage of a proceeding. Minn.R.Civ.P. 12.08(c); *Mangos v. Mangos*, 264 Minn. 198, 202, 117 N.W.2d 916, 918 (1962).

■ The district court's determination that it lacked subject matter jurisdiction over

this case is based on the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, 103 stat. 183 (codified in scattered sections of 12 U.S.C.). Congress enacted FIRREA to promote "the efficient resolution of failed financial institutions." *Federal Deposit Ins. Corp. v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 131 (3d Cir.1991). FIRREA authorizes RTC, as receiver, to determine claims against failed financial institutions in accordance with statutory procedures. 12 U.S.C. § 1821(d)(3)(A) (Supp. II 1990). FIRREA's administrative claims procedure is intended to provide a fair and expeditious method for resolving claims against failed financial institutions without resorting to litigation. *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1152 (1st Cir.1992); *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 883 (5th Cir. 1992).

■ FIRREA provides:

The Corporation may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph (4)(A).

12 U.S.C. § 1821(d)(3)(A). "In a case involving the liquidation of a closed depository institution's affairs, RTC shall publish notice to the depository institution's creditors to proffer their claims to RTC by a specified date." 12 U.S.C. § 1821(d)(3)(B) (Supp. II 1990). RTC also shall mail notice to any creditors shown in the depository institution records. 12 U.S.C. § 1821(d)(3)(C) (Supp. II 1990).

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D) (Supp. II 1990). Statutory construction is a question of law

subject to de novo review on appeal. *Grab v. JanSport, Inc.*, 466 N.W.2d 762, 764 (Minn. App.1991).

█ Based on the use of the term "may" in 12 U.S.C. § 1821(d)(3)(A), Jinadu argues that RTC may elect not to determine claims and, therefore, its jurisdiction is not exclusive. We disagree.

In enacting FIRREA,

Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821.

*Shain, Schaffer & Rafanello*, 944 F.2d at 132; *see also Meliezer*, 952 F.2d at 882–83 (although FIRREA does not explicitly require exhaustion of administrative remedies, statutory language and congressional intent clearly show RTC's jurisdiction over claims is exclusive). The administrative claims procedure must be followed in any case involving liquidation. *See* 12 U.S.C. § 1821(d)(3)(B) (receiver shall publish notice to creditors); 12 U.S.C. § 1821(d)(5)(A) (Supp. II 1990) (receiver shall determine whether to allow creditors' claims); *Meliezer*, 952 F.2d at 882 (FIRREA requires creditors to exhaust administrative remedies). Here, it is undisputed that RTC was appointed as receiver for CenTrust Mortgage for the purpose of liquidation.

Under 12 U.S.C. § 1821(d)(13)(D), when the administrative claims procedure applies, courts have jurisdiction over claims against RTC only if section 1821(d) specifically grants them jurisdiction. *See* 12 U.S.C. § 1821(d)(6)(A) (Supp. II 1990) (claimant may file suit in federal district court if RTC disallowed claim or 180–day determination period expired); 12 U.S.C. § 1821(d)(7)(A) (Supp. II 1990) (if claimant seeks administrative review of RTC claim determination, administrative review then subject to judicial review); 12 U.S.C. § 1821(d)(8)(C) (Supp. II 1990) (claimant may file suit if claim disallowed under expedited claims procedure or 90–day determination period expired). None of the statutory provisions granting jurisdiction to courts apply to this case.

Jinadu relies on *Berke v. Resolution Trust Corp.*, 483 N.W.2d 712 (Minn.App.1992), *pet. for rev. denied* (Minn. May 21, 1992) to support his argument that the district court has jurisdiction to decide this lawsuit. *Berke*, however, involved a lawsuit initiated before RTC was appointed receiver. *Id.* at 713. 12 U.S.C. § 1821(d)(6)(A) specifically allows a claimant to continue an action started before RTC is appointed receiver. *See also Berke*, 483 N.W.2d at 714 (depriving state court of jurisdiction over suits filed before appointment of receiver would render "continue" language in 12 U.S.C. § 1821(d)(6)(A) null). Because Jinadu began this action after RTC was appointed receiver, 12 U.S.C. § 1821(d)(6)(A) does not apply to this case.

Jinadu also argues that the district court had jurisdiction to decide this lawsuit because RTC did not comply with the notice requirements of 12 U.S.C. § 1821(d)(3)(B)–(C). FIRREA, however, expressly provides for RTC's failure to give proper notice by extending the time period for filing claims for creditors who did not receive notice. 12 U.S.C. § 1821(d)(5)(C)(ii) (Supp. II 1990). There is no statutory provision granting courts jurisdiction if RTC does not comply with notice requirements.

Neither Jinadu nor RTC may avoid the administrative claims procedure by failing to follow statutory procedures. *See No Power Line, Inc. v. Minnesota Environmental Quality Council*, 262 N.W.2d 312, 321 (Minn. 1977) (subject matter jurisdiction cannot be conferred on court by party's consent). Even if RTC did not comply with the notice requirements of 12 U.S.C. § 1821(d)(3)(B)–(C), the district court did not have jurisdiction to decide this lawsuit. *See Meliezer*, 952 F.2d at 882–83 (even if RTC did not comply with notice requirements of 12 U.S.C.A. § 1821(d)(3)(C), district court did not have subject matter jurisdiction over claim); *Resolution Trust Corp. v. Wayne Coliseum Limited Partnership*, 793 F.Supp. 900, 905 (D.Minn.1992) (even if RTC did not comply with notice requirements of 12 U.S.C.A. § 1821(d)(3)(B)–(C), district court did not have jurisdiction over claim).

Finally, Jinadu contends the district court has jurisdiction pursuant to 28 U.S.C. § 959 (1988). We disagree. 28 U.S.C. § 959 applies to receivers appointed by the federal

courts. *See id.* § 959(a) (receivers may be sued without leave of court that appointed them). The Office of Thrift Supervision, not the federal courts, appointed RTC as receiver for CenTrust Mortgage.

CenTrust Mortgage did not address the jurisdiction issue on appeal. Instead, CenTrust Mortgage argued that the district court could have dismissed the action on the merits. CenTrust Mortgage requested that this court ignore the jurisdiction issue and consider the case on the merits. We cannot ignore the jurisdiction issue. *See* Minn. R.Civ.P. 12.08(c) (when court lacks subject matter jurisdiction, court must dismiss action). Moreover, once the district court determined it lacked subject matter jurisdiction, it naturally did not address the merits of the case. This court generally may consider only those issues presented to and considered by the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988).

CenTrust Mortgage filed a motion to strike Jinadu's reply brief and its appendix. Because none of the documents in the appendix were part of the record before the district court, we grant the motion to strike those documents and any references to them in the reply brief. *See* Minn.R.Civ.App.P. 110.01 (record before trial court shall constitute record on appeal). We decline to impose sanctions on Jinadu's attorney. We note that it appears Jinadu submitted matters outside the record to this court in response to CenTrust Mortgage's inappropriate argument on the merits.

## DECISION

Because Jinadu began this action after RTC was appointed as receiver for CenTrust Mortgage for the purpose of liquidation, the district court did not have jurisdiction to decide this case. The district court properly dismissed this action for lack of subject matter jurisdiction.

**Affirmed.**