*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0678**

Capital One Bank, N. A.,
Respondent,

vs.

Don T. Mashak,
Appellant.

**Filed December 7, 2015
Affirmed
Stauber, Judge**

Wright County District Court
File No. 86-CV-13-3955

Amy M. Goltz, Gurstel Chargo, P.A., Golden Valley, Minnesota (for respondent)

Don T. Mashak, Albertville, Minnesota (pro se appellant)

Considered and decided by Stauber, Presiding Judge; Kirk, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

In this breach-of-contract and collections action, appellant challenges the district court's grant of summary judgment to respondent bank and asserts that the district court erred by refusing to grant his request for disability accommodation and his motion to enforce discovery. We affirm.

## FACTS

In 2004, appellant Don T. Mashak signed a credit-card application and was issued a credit card by respondent Capital One Bank (USA), N.A. Mashak used the credit card for five years and made his last payment on the account in 2009, owing $24,524.78 to Capital One when the account was "charged off." In January 2013, Capital One initiated a collection action against Mashak, alleging breach of contract, account stated, and unjust enrichment.

In his answer, Mashak accused the court system of various forms of corruption, denied owing any money, contended that Capital One was guilty of several consumer-lending violations, and stated that the American banking system and Federal Reserve have devalued the United States currency to such a degree that no debt can be fully repaid, subverted "Natural Law," and created worthless money resulting in involuntary servitude. Mashak also raised counterclaims of fraud and violations of the Constitution and "Natural Law." Mashak sought punitive damages in the amount of $5 million, to be paid in gold or silver.

Capital One moved for summary judgment on August 1, 2013. Mashak removed the case to federal court on August 30, 2013. Mashak filed several motions and requests for discovery in state court during the time the case was in federal court. These included motions (1) to remove the assigned judge; (2) for an Americans with Disability Act (ADA) accommodation; (3) for discovery; and (4) to amend his answer, counterclaims, and affirmative defenses. Mashak's ADA accommodations request was based on post-traumatic-stress disorder (PTSD) occasioned by "legal abuse syndrome."

The federal court remanded the matter to state court in January 2014. Mashak moved to compel discovery in October 2014. Capital One produced 150 documents and responded to 100 requests for admissions, but sought a protective order after Mashak attempted to subpoena Capital One's president to question him about fractional reserve licensing fees, profitability, and creating money out of thin air. Mashak also sought to create a class action to oppose all Minnesota fractional reserve banking institutions.

On November 20, 2014, the district court denied Mashak's request for an ADA accommodation, ruling that Mashak had failed to show that he was entitled to accommodation. On December 19, 2014, the district court issued an order denying Mashak's discovery and class-action motions after Mashak failed to appear at the motion hearing, quashed the subpoenas as not reasonably likely to lead to admissible evidence, and granted a protective order to Capital One prohibiting Mashak from seeking more discovery. Mashak appealed the order to this court, which dismissed the appeal as taken from a nonappealable order.

Capital One moved for summary judgment on January 30, 2015. Mashak responded with his own motion for summary judgment, alleging that he was entitled to summary judgment because the Federal Reserve had devalued the U.S. currency through the "Money Multiplier" effect, which meant the currency was without value and he owed no money. Further, he argued that the credit-card contract was not legally binding or enforceable.

After a hearing in March 2015, the district court denied Capital One's motion for summary judgment based on unjust enrichment, but granted summary judgment in favor

of Capital One on its breach-of-contract and account-stated claims. The district court denied Mashak's motions, ordered him to pay $24,524.78, and reserved the question of costs and disbursements. This appeal followed.

**D E C I S I O N**

**I.**

We review the district court's grant of summary judgment de novo to determine whether there are genuine issues of material fact and whether the district court erred in its application of the law. *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). An appellate court views the evidence in the light most favorable to the nonmoving party and may not decide issues of fact. *Id.* There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997) (quotation omitted). If the nonmoving party has the burden of proof on an essential element of a claim, "the nonmoving party must make a showing sufficient to establish that essential element." *Id.* at 71.

The undisputed evidence demonstrates that (1) Mashak applied for a credit card issued by Capital One; (2) he used the credit card for a period of five years, from 2004 to 2009; (3) he incurred charges of at least $24,524.78; (4) he made no payments after 2009, leaving an outstanding balance of $24,524.78; and (5) under the terms of the credit-card application and agreement, he agreed to pay charges incurred while using the card upon certain terms that include interest payments.

4

Mashak has raised a number of affirmative defenses or counterclaims. He asserts in this appeal that (1) Capital One is an illegal cartel; (2) the district court improperly applied a so-called "Rule of Man," which he also refers to as "Case Law," rather than "Constitution-based Law, the Rule of Law"; and (3) the Federal Reserve and "Fractional Reserve Banks" have devalued the currency through the "Money Multiplier Effect" that renders the United States currency valueless.

Mashak did not raise the question of whether Capital One was an illegal cartel before the district court and therefore may not raise this issue on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Mashak's allegation that Capital One, the Federal Reserve, and the United States banking system are involved in a conspiracy is beyond the scope of the action, and the district court does not have subject-matter jurisdiction over the question of whether Capital One and the Federal Reserve engaged in illegal manipulation of the United States currency. *See, e.g., Jinadu v. CenTrust Mortg. Corp.*, 517 N.W.2d 84, 87 (Minn. App. 1994) (discussing state court's lack of jurisdiction over claims brought under a federal regulatory statute), *review denied* (Minn. July 27, 1994).

Mashak does not explain the distinction between "Rule of Man" or "Case Law" and "Constitution-based law," but generally, the American legal system uses statutes, precedential or case law, and constitutional law. *See Olmanson v. LeSueur Cty*, 693 N.W.2d 876, 879 (Minn. 2005) (discussing statutory construction to avoid constitutional problems); *Dahlin v. Kroening*, 784 N.W.2d 406, 409 (Minn. App. 2010) (discussing

interplay of common law and statutory law), *aff'd* 796 N.W.2d 503 (Minn. 2011). On this record, the district court did not misapply the law.

Finally, Mashak's claim that the Federal Reserve, in conjunction with "Fractional Share Banks," devalued the U.S. currency through use of the "Money Multiplier Effect" is not supported by credible record evidence, is beyond the scope of this collection action, and is an issue over which the district court does not have jurisdiction.

Mashak also argues that the record evidence fails to show acceptance, consideration, and a meeting of the minds, matters essential to contract formation. *See Cederstrand v. Lutheran Bhd.*, 263 Minn. 520, 531-32, 117 N.W.2d 213, 220-21 (1962) (stating that valid contract requires consideration, acceptance, and a manifestation of mutual assent). But the undisputed facts here show that Mashak applied for and was issued a credit card, a manifestation of mutual assent; he used the card according to its terms for five years, which demonstrates acceptance; and he incurred charges and received credit, which provides consideration for the contract. The district court did not err by granting summary judgment to Capital One on its breach-of-contract claim.

## II.

Mashak next argues that the district court "cannot rightfully overtly nor covertly limit [his] right to Discovery in vigorously asserting his defenses." Mashak cites no law to support his claim that the district court abused its discretion by denying his motion to compel discovery. "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered

on appeal unless prejudicial error is obvious on mere inspection." *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quotation omitted).

In any case, a district court has broad discretion in its discovery orders. *In re Comm'r of Pub. Safety*, 735 N.W.2d 706, 711 (Minn. 2007). The district court denied Mashak's motions to compel discovery when he deliberately failed to attend the motion hearing, and quashed subpoenas that Mashak sought in order to disclose problems in the banking system, concluding that it was unlikely to lead to discovery of evidence admissible in this action. Minn. R. Civ. P. 26.02(b) provides that "[d]iscovery must be limited to matters that would enable a party to prove or disprove a claim or defense . . . and must comport with the factors of proportionality[.]" On this record, the district court did not abuse its discretion by quashing subpoenas that were unlikely to prove a defense to a collections action.

### III.

Mashak argues that the district court erred by failing to make an ADA accommodation for him by permitting him appear by telephone rather than in person. The district court denied his motion but permitted him to ask for periodic breaks during court proceedings.

The ADA prohibits a public entity from excluding a person with a disability from participating in or receiving services from the public entity or otherwise being subject to discrimination by the public entity. 42 U.S.C. § 12132 (2013). A "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities" of a person, the "record of such an impairment," or "being regarded as having

7

such an impairment." 42 U.S.C. § 12102(1) (2013). A "major life activity" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2) (2013). "Whether the plaintiff has an impairment within the meaning of the ADA is a question of law for the court to decide." *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1129 (10th Circ. 2003).

According to the district court's order denying Mashak an ADA accommodation, Mashak claims to suffer from "PTSD – legal abuse syndrome," but he did not provide "any record of his impairment by such a condition, nor has he shown that he is regarded as having such impairment." A person asserting an ADA claim has the burden of showing a "recognized impairment" and "must show that the impairment substantially limits one or more [major life activities]." *Id.* The only evidence Mashak offered was "an internet URL that links to a youtube.com video explaining 'legal abuse syndrome.'" The district court did not err by concluding that Mashak "failed to show that he is entitled to accommodation under the ADA."

**Affirmed.**